IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

DAVID A. ALEXANDER,

Plaintiff,

Civil Action No.

2:12-cv-859

v.

LVNV FUNDING LLC

and

ZARZAUR & SCHWARTZ PC

Defendants

JURY TRIAL
DEMANDED

# COMPLAINT

This action arises out of the efforts of the defendants, a debt collector and its law firm, to collect a debt which was claimed to be due from the plaintiff, David A. Alexander. LVNV Funding LLC is a company which buys and collects delinquent debts. Acting through its attorneys, the law firm of Zarzaur & Schwartz PC, LVNV filed a lawsuit against Mr. Alexander in the Montgomery County (Alabama) Small Claims Court seeking to collect this debt. They did this without having evidence to back up their claims and without even having evidence to show that LVNV had standing to assert these claims. In fact, Mr. Alexander did not owe the amounts claimed. When the trial date came and Mr. Alexander appeared with an attorney to dispute the claims made in the collection lawsuit, the defendants voluntarily waived their right to put on evidence and agreed to have the judge enter judgment in favor of Mr. Alexander.

This pattern -- filing suit without evidence to support a claim and with no intention to go

to trial -- is common with debt buyers such as LVNV. LVNV and Zarzaur & Schwartz filed the lawsuit against Mr. Alexander knowing that they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from him without going to trial, either by getting a default judgment or by getting him to agree to make payments. It didn't work in this case only because Mr. Alexander was represented by counsel and contested their claims.

These actions violated Mr. Alexander's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action he is asserting claims against the defendants under that Act. He also seeks damages under Alabama law for malicious prosecution and for wanton or willful misconduct. He seeks actual, statutory and punitive damages and his costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for malicious prosecution and for wanton and willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

### Parties

4. The plaintiff, David A. Alexander, is an adult resident of Montgomery, Alabama, which is located in Montgomery County.

5. Defendant LVNV Funding LLC, is a Delaware limited liability corporation with its

principal offices located in Las Vegas, Nevada. Among other things, LVNV Funding is engaged in the business of buying and collecting delinquent debts.

6. Defendant Zarzaur & Schwartz PC, is an Alabama professional corporation with its principal offices located in Birmingham, Alabama. Zarzaur & Schwartz is a law firm specializing in the collection of unpaid debts.

### Statement of Facts

7. On or about January 3, 2012, defendant Zarzaur & Schwartz sent Mr. Alexander a letter advising him that they were acting on behalf of defendant LVNV Funding LLC, and that they were contacting him to collect a debt claimed to be due based on a credit card issued by Credit One Bank, N.A.

8. In the January 3, 2012 letter, Zarzaur & Schwartz stated that the amount due on this credit card account was $874.38.

9. In the January 3, 2012 letter, Zarzaur & Schwartz stated that "At this point, no attorney with this firm has personally reviewed the particular circumstances of your account."

10. Mr. Alexander agrees that he once had a Credit One Bank credit card, but he does not agree that he owed the sums claimed by LVNV and Zarzaur & Schwartz on that account.

11. At all times relevant to this action, Mr. Alexander suffered from serious medical problems and his income was limited to Social Security disability benefits.

12. In response to the January 3, 2012 letter, Mr. Alexander contacted Zarzaur & Schwartz. He advised them that he did not agree that this amount was owed on this account. He also advised them that he was on disability income, and that he could not afford to pay the sums they claimed were due.

13. As a result of his conversation with Zarzaur & Schwartz, Mr. Alexander agreed to make payments in the amounts he was able each month.

14. Mr. Alexander was assured by Zarzaur & Schwartz that no legal action would be taken to collect this debt so long as he made monthly payments on this account.

15. Mr. Alexander made payments to Zarzaur & Schwartz on this account as follows:

| | |
|---|---|
| February 1, 2012 | $20.00 |
| March 1, 2012 | $15.00 |
| April 1, 2012 | $15.00 |
| May 1, 2012 | $15.00 |
| June 1, 2012 | $15.00 |

16. On or about May 15, 2012, LVNV filed a lawsuit against Mr. Alexander in the Montgomery County Small Claims Court. The case was styled *LVNV Funding LLC v. David Alexander*, Case No. SM-2012-902376 (hereafter referred to as "the Montgomery County lawsuit").

17. LVNV was represented in the Montgomery County lawsuit by defendant Zarzaur & Schwartz PC.

18. In the Montgomery County lawsuit, LVNV sought a judgment in the amount of $874.38, plus court costs of $37.

19. In the Montgomery County lawsuit, LVNV and Zarzaur & Schwartz did not recognize or give credit to Mr. Alexander for the sums he had paid to Zarzaur & Schwartz on this account during the months from February to May, 2012.

20. The complaint and summons in the Montgomery County lawsuit were served on Mr.

4

Alexander on June 23, 2012.

21. On June 25, 2012, Mr. Alexander, acting pro se, filed an Answer in the Montgomery County lawsuit denying that he owed the money claimed by LVNV.

22. By Order entered on July 18, 2012, Judge Sharon G. Yates of the Montgomery County Small Claims Court set the Montgomery County lawsuit for a hearing on August 16, 2012. In that Order, Judge Yates stated:

> THIS IS YOUR DAY IN COURT. PLEASE BRING ALL EVIDENCE AND WITNESSES NEEDED TO SUPPORT YOUR POSITION IN THIS MATTER.

23. On August 16, 2012, Mr. Alexander appeared in the Montgomery County Small Claims Court accompanied by his attorney, William D. Azar.

24. On August 16, 2012, LVNV appeared in the Montgomery County Small Claims Court by its counsel, Margaret McClure Hammond of the law firm of Zarzaur & Schwartz.

25. When she appeared in court on August 16, 2012, Ms. Hammond did not have witnesses or other evidence sufficient to establish LVNV's claims against Mr. Alexander.

26. After conferring with Mr. Azar and learning that Mr. Alexander intended to contest LVNV's claims, Ms. Hammond agreed to waive her right to put on evidence and to ask the judge to enter a judgment in favor of Mr. Alexander.

27. In response to the representations of counsel, on August 16, 2012, Judge Yates entered judgment in favor of Mr. Alexander.

28. At no time up to and including the date of the trial on August 16, 2012, did LVNV and Zarzaur & Schwartz have evidence sufficient to establish that Mr. Alexander owed LVNV the amounts they claimed.

29. On information and belief, at no time up to and including the date of the trial on

August 16, 2012 did LVNV and Zarzaur & Schwartz have evidence sufficient to establish that LVNV was the rightful owner of the Credit One credit card account at issue and that it was entitled to collect any sums which might be due under that account.

30. When LVNV and Zarzaur & Schwartz filed the Montgomery County lawsuit, they had no intention of obtaining the evidence which might be needed to establish LVNV's claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish LVNV's claims. Instead, their goal was to obtain either a default judgment or an agreement from Mr. Alexander to pay the sum claimed or some lesser sum. That is why, when they concluded that they were not going to get a default judgment or a voluntary settlement from Mr. Alexander, they voluntarily agreed to the entry of judgment in favor of Mr. Alexander rather than proceed to trial.

31. The strategy described in Paragraph 30 above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

32. On information and belief, the strategy described in Paragraph 30 above is one which is commonly followed by LVNV and by Zarzaur & Schwartz in the lawsuits they file to collect debts.

33. As a result of LVNV having filed the Montgomery County lawsuit, Mr. Alexander was forced to spend a great deal of time working on this case to defend his interests.

34. Mr. Alexander incurred expenses in defending the Montgomery County lawsuit for attorney's fees in the amount of $750.

35. As a result of the actions of LVNV and Zarzaur & Schwartz, as described in this Complaint, Mr. Alexander suffered the stress of having to defend himself in a lawsuit seeking

6

money he did not owe and of having to incur a fee to his attorney at a time when his funds were very limited due to his medical problems and his disability. These actions of the defendants caused Mr. Alexander emotional distress, anger, shame, frustration, fear and humiliation for a period several months.

### First Cause of Action:
### Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

36. With regard to the collection of the amounts claimed to be owed to LVNV by Mr. Alexander, as described in this Complaint, plaintiff David A. Alexander was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

37. In its actions to collect this debt from Mr. Alexander, as described above, defendant LVNV Funding LLC was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

38. In its actions to collect this debt from Mr. Alexander, as described above, defendant Zarzaur & Schwartz PC was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

39. In their efforts to collect money claimed to be due from Mr. Alexander, as described in this Complaint, each of the defendants violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of

§1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

40. The actions of LVNV and Zarzaur & Schwartz, as described in this Complaint, forced Mr. Alexander to spend time working on and worrying about how to deal with their lawsuit, caused him to incur attorney's fees in the amount of $750, and caused him stress which resulted in emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, David A. Alexander, by counsel, hereby asks this Court to grant him the following relief under his First Cause of Action:

(a) judgment in favor of Mr. Alexander and against defendants LVNV Funding LLC and Zarzaur & Schwartz PC for his actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Mr. Alexander and against defendant LVNV Funding LLC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) judgment in favor of Mr. Alexander and against defendant Zarzaur & Schwartz PC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(d) an award of his costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.

## Second Cause of Action:
## Malicious Prosecution

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

41. As described above, the defendants initiated a civil lawsuit against Mr. Alexander in the Montgomery County Small Claims Court, referred to above as the Montgomery County lawsuit.

42. At the time the defendants initiated the Montgomery County lawsuit, they did not have probable cause to believe that they could produce evidence to substantiate their claims against Mr. Alexander. They did not have evidence to show that he owed the sums claimed and they did not have evidence to show that LVNV was the party to whom those sums were owed.

43. At the time the defendants initiated the Montgomery County lawsuit, they did not intend to obtain and present evidence to prove that the sums they claimed were in fact owed, and they did not intend to obtain and present evidence to prove that those sums were owed to defendant LVNV.

44. At no time during the litigation of the Montgomery County lawsuit, up to and including the date on which judgment was entered in favor of Mr. Alexander, did the defendants obtain evidence to prove that the sums they claimed were owed by Mr. Alexander were in fact owed by him or that LVNV was the party to whom those sums were owed.

45. In filing the Montgomery County lawsuit, the defendants acted with malice, in that they knew that they did not have probable cause to make their claims against Mr. Alexander, they knew that their actions were not lawful, and they knew that their actions would cause Mr.

9

Alexander injury.

46. As described above, on August 16, 2012, judgment was entered in the Montgomery County lawsuit in favor of Mr. Alexander.

47. The actions taken by the defendants, as described above, were actions which they knew or should have known would cause Mr. Alexander financial loss and other harm.

48. The actions of the defendants, as described above, did in fact cause Mr. Alexander to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, David A. Alexander, by counsel, asks this Court for the entry of judgment against defendants LVNV Funding LLC and Zarzaur & Schwartz PC for malicious prosecution, in an amount sufficient to compensate him for his damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against these defendants for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Third Cause of Action:
### Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Third Cause of Action as if fully set forth herein.

49. The actions taken by the defendants in attempting to collect the Credit One credit card debt from Mr. Alexander, as described above, were actions taken in knowing or reckless violation of Mr. Alexander's legal rights.

50. The actions taken by the defendants, as described above, were actions which they knew or should have known would cause Mr. Alexander financial loss and other harm.

51. The actions of the defendants, as described above, did in fact cause Mr. Alexander to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, David A. Alexander, by counsel, asks this Court for the entry of judgment against defendants LVNV Funding LLC and Zarzaur & Schwartz PC for wanton or willful misconduct, in an amount sufficient to compensate him for his damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against these defendants for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

DAVID A. ALEXANDER
Plaintiff
By Counsel

Edward M. Wayland, Esq
ASB-5319-A56W
2800 Zelda Road
Suite 100-5
Montgomery, AL 36106
(334) 409-9688
(334) 460-8670 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff
David A. Alexander

11