IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| DAVID A. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 2-12-CV-00859-WC |
| | ) |
| LVNV FUNDING, LLC, ET AL, | ) |
| | ) |
| Defendants. | ) |

**ANSWER**

COMES NOW, Defendant LVNV Funding, LLC (hereinafter "LVNV") and offers the following answer to Plaintiff's Complaint:

In response to the unnumbered Paragraph beginning with "This action arises," the Defendant answers as follows: The Defendant admits it is in the business of buying and collecting debts. The Defendant further admits that the law firm of Zarzaur & Schwartz filed a lawsuit on its behalf against the Plaintiff in Small Claims Court in Montgomery County, Alabama. The Defendant admits that the Plaintiff appeared at said lawsuit, and that a judgment was entered in Plaintiff's favor and against this Defendant, LVNV. The Defendant denies the remaining averments of this unnumbered Paragraph.

In response to the unnumbered Paragraph beginning with "This pattern," the Defendant answers as follows: The Defendant denies the existence of any pattern of

{W0336454.1 }

filing lawsuits without evidence. The Defendant is unable to admit or deny the existence of any pattern of conduct with respect to third parties. The Defendant further denies not having evidence to prove its claims in the Small Claims lawsuit and further denies filing the Small Claims lawsuit without having any evidence to prove its claims. The remaining averments of this Paragraph are argumentative and cannot be fairly admitted or denied.

In response to the unnumbered Paragraph beginning with "These actions," the Defendant answers as follows: The Defendant denies any violations of state or federal law. The Defendant further denies the Plaintiff is entitled to any relief whatsoever.

## Jurisdiction and Venue

1. Admitted.

2. Admitted.

3. The Defendant has insufficient information to admit or deny whether venue is appropriate.

4. The Defendant has insufficient information to admit or deny Paragraph 4.

5. The Defendant admits it is a foreign company, that, at times, engages in the business of buying debts. The remainder is denied.

6. The Defendant admits on information and belief that Defendant Zarzaur & Schwartz PC is an Alabama corporation. The Defendant has insufficient information to admit or deny the remaining averments of Paragraph 6.

## Statement of Facts

7. The Defendant has insufficient information to admit or deny the averment of Paragraph 7.

8. The Defendant has insufficient information to admit or deny the averments of Paragraph 8.

9. The Defendant has insufficient information to admit or deny the averments of Paragraph 9.

10. The Defendant admits Plaintiff once had a Credit One Bank Card, but denies the remainder.

11. The Defendant has insufficient information to admit or deny the averments of Paragraph 11.

12. The Defendant has insufficient information to admit or deny the averments of Paragraph 12.

13. The Defendant has insufficient information to admit or deny the averments of Paragraph 13.

14. The Defendant has insufficient information to admit or deny the averments of Paragraph 14.

15. The Defendant has insufficient information to admit or deny the averments of Paragraph 15.

16. Admitted.

17. Admitted.

18. The Defendant admits the amount claimed in the lawsuit.

19. Denied.

20. Admitted on information and belief.

21. Admitted.

22. Admitted.

23. The Defendant has insufficient information to admit or deny this averment.

24. Denied as phrased.

25. Denied.

26. The Defendant admits that a judgment was entered in favor of the Plaintiff, Mr. Alexander, in the Small Claims lawsuit in Montgomery County, Alabama. The Defendant denies the remaining averments of Paragraph 26 as phrased.

27. The Defendant admits that a judgment was entered in favor of the Plaintiff, Mr. Alexander, in the Small Claims lawsuit in Montgomery County, Alabama. The Defendant denies the remaining averments of Paragraph 27 as phrased.

28. Denied.

29. Denied.

30. Denied.

31. The averment in Paragraph 31 is argumentative and requires the Defendant to admit or deny the state of mind of third parties. For these reasons, a specific admission or denial is virtually impossible. To the extent this averment states a claim or cause of action against the Defendant, the Defendant denies any illegal conduct.

32. Denied.

33. The Defendant has insufficient information to admit or deny the averments of Paragraph 33.

34. The Defendant has insufficient information to admit or deny the averments of Paragraph 34.

35. The Defendant denies that the Plaintiff did not the owe money which was the subject of the Small Claims lawsuit in Montgomery County, Alabama. The Defendant denies the remaining averments contained in Paragraph 35.

## First Cause of Action
## Violations of the FDCPA

The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

36. The Defendant has insufficient information to either admit or deny the averments of Paragraph 36.

37. Denied.

38. The Defendant has insufficient information at this time to either admit or deny the averments of Paragraph 38.

39. Denied, including all subparts. In response to the unnumbered Paragraph following Paragraph 39(d), the Defendant answers as follows: The Defendant denies any violations of state or federal law.

40. The Defendant denies any violations of state or federal law. The Defendant further denies the Plaintiff is entitled to any relief whatsoever.

In response to the unnumbered Paragraph beginning with "WHEREFORE," the Defendant answers as follows: The Defendant denies the Plaintiff is entitled to any recovery against it, and demands strict proof thereof.

## Second Cause of Action
## Malicious Prosecution

The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

{W0336454.1}

46. Admitted.

47. Denied.

48. Denied.

In response to the unnumbered Paragraph beginning with "WHEREFORE," the Defendant answers as follows: The Defendant denies the Plaintiff is entitled to any relief whatsoever.

### Third Cause of Action
### Wanton or Willful Misconduct

The Defendant incorporates by reference all of the answers of this Answer as though fully stated herein.

49. Denied.

50. Denied.

51. Denied.

In response to the unnumbered Paragraph beginning with "WHEREFORE," the Defendant answers as follows: The Defendant denies the Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

1. Defendant pleads the general issue.

2. Defendant pleads not guilty.

3. Defendant pleads the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. Defendant pleads all the Plaintiff's claims and causes of action asserted against it are subject to arbitration by way of an arbitration agreement voluntarily entered into by the Plaintiff.

5. Defendant pleads the applicable statute of limitations.

6. Defendant denies the Plaintiff has suffered any legally recognizable damages as a result of any act, error, or omission of this Defendant.

7. Defendant pleads the Plaintiff has failed to mitigate damages in accordance with Alabama law.

8. Defendant denies the breach of any duty between itself and the Plaintiff.

9. Defendant pleads the lack of any causal relationship between its actions and/or omissions and the damages claimed by the Plaintiff.

10. Defendant pleads any actual damages the Plaintiff has suffered are the result of acts or admissions of individuals or entities other than this Defendant.

11. Defendant pleads it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice, knowledge of wrongdoing, or willfulness.

12. Defendant pleads any award of punitive damages is unwarranted and violative of the due process clauses of the United State and Alabama Constitutions.

13. Plaintiff cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the United States and Alabama Constitutions unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not

limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

14. Defendant avers that the imposition of punitive damages in this case without any limitations or guidelines for the jury will violate the Defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

15. Defendant avers § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

16. Defendant avers the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limited on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

17. Defendant denies any acts or omission which gives rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

18. The Defendant pleads the voluntary payment doctrine.

19. The Defendant pleads litigation immunity and/or litigation privilege. (This includes but is not limited to the Noerr-Pennington Doctrine).

20. As discovery is ongoing, the Defendant reserves the right to assert additional affirmative defenses as they may become known.

Respectfully submitted,

/s/ Neal D. Moore
Neal D. Moore, III
Sarah E. Orr
*Attorneys LVNV Funding, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 31st day of October, 2012, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via electronic filing:

Edward M. Wayland
2800 Zelda Road
Suite 100-5
Montgomery, AL 36106
edwayland@yahoo.com

/s/ Neal D. Moore, III
OF COUNSEL

{W0336454.1 }